IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAM CONSIGLIO,)
      Plaintiff,) No. C 06-7512 TEH (PR)
v.) ORDER OF SERVICE
CHARLES LEE, M.D., et al.,) (Docket Nos. 2, 3)
      Defendants.)

      Plaintiff, a prisoner of the State of California currently incarcerated at Salinas Valley State Prison ("PBSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that he has been denied adequate medical attention. Plaintiff has also filed a motion seeking emergency Court intervention (docket no. 2). Plaintiff has filed an application to proceed in forma pauperis (docket no. 3). Plaintiff seeks declaratory, injunctive and monetary relief, as well as appointment of counsel under 28 U.S.C. § 1915.

## DISCUSSION

A.    Standard of Review

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such

relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Liberally construed, plaintiff's allegations that defendants have denied him necessary heart medications and prescription eyeglasses states a cognizable § 1983 claim for deliberate indifference to serious medical needs against the named Defendants and will be served.  See, e.g., Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (failure to provide system of access to adequate medical care, failure to provide medical staff competent to examine and diagnose inmates' problems and failure to treat problems or refer inmates to others who could, violated 8th Amendment). Liberally construed, plaintiff's allegations state cognizable claims under § 1983 for deliberate indifference to serious medical needs and accordingly will be served on the named Defendants other than Defendant Evans.

Defendant Evans is dismissed from this action, as Plaintiff fails to assert any allegations against him other than that "for allowing this corruption."  A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc)

(citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  As such, Defendant Evans is TERMINATED from this action.

C.      Request for Emergency Injunctive Relief

Plaintiff has filed a motion for an emergency evidentiary hearing, as he contends that Defendants' failure to provide him with necessary heart medication poses a danger to his life.  However, Plaintiff's motion must be denied without prejudice, as Plaintiff has failed to allege sufficient facts which entitle him to such relief.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO").  Prior to granting a preliminary injunction, notice to the adverse party is required.  See Fed. R. Civ. P. 65(a)(1).  Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served.  See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).  A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  See Fed. R. Civ. P. 65(b).  The standard for issuing a TRO is similar to that required for a preliminary injunction.  See Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J.,

1  dissenting).

2  While Plaintiff has made very general assertions that his life is
3  endangered, his allegations are inadequate to establish that he faces immediate
4  and irreparable injury.  Plaintiff has not made specific factual allegations
5  regarding what medication he requires, when it was prescribed, how long he has
6  been taking it and when and by whom he was deprived of his medication.
7  Plaintiff has not met his burden of establishing that he is entitled to injunctive
8  relief without notice to the adverse party.  Therefore, the motion is DENIED
9  (docket no. 2) without prejudice to Plaintiff filing a motion for a preliminary
10 injunction on notice or a motion for a TRO supported by sufficient factual
11 allegations.

## CONCLUSION

13  For the foregoing reasons and for good cause shown,

14  1. The Clerk shall issue summons and the United States Marshal shall
15 serve, without prepayment of fees, copies of the complaint in this matter, all
16 attachments thereto, and copies of this order on the named Defendants Charles
17 Lee, M.D.; C. Moss, Nurse; K. Wall, Director of Nursing, C.O. Holland; and D.
18 Tyler, Nurse all of Salinas Valley State Prison.  The Clerk also shall serve a copy
19 of this order on Plaintiff.

20  2. In order to expedite the resolution of this case, the court orders as
21 follows:

22  a. No later than 90 days from the date of this order, Defendants
23 shall file a motion for summary judgment or other dispositive motion.  A motion
24 for summary judgment shall be supported by adequate factual documentation and
25 shall conform in all respects to Federal Rule of Civil Procedure 56, and shall
26 include as exhibits all records and incident reports stemming from the events at

issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on Plaintiff.

        b.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

        c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

     Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.      Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

        e.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4.      All communications by Plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:   01/12/07

THELTON E. HENDERSON  
United States District Judge